UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONGFEI YU,<br>Petitioner,<br>v.<br>MINGA WOFFORD, *et al.*,<br>Respondents. | Case No. 1:26-cv-07478 (VC)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 2 |

Before the Court is Petitioner Hongfei Yu's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and Motion for a Temporary Restraining Order ("TRO"). *See* Dkt. Nos. 1, 2. Though Petitioner accepts that his detention is controlled by 8 U.S.C. § 1226(a)—which authorizes the Government to detain certain non-citizens during the pendency of their removal proceedings—he maintains that the bond hearing he received before an immigration judge ("IJ") was defective. For the reasons that follow, the Court denies the petition without prejudice and resolves the TRO as moot.

## I. BACKGROUND

Petitioner is a citizen of China who entered the United States with his wife on November 29, 2023 on a B2 visitor's visa with an expiration of May 28, 2024. Dkt. No. 9-4 at 2; Dkt. No. 1 ¶ 26. In early April 2026, he was pulled over by the Hartley County Sheriff in Texas while driving a commercial vehicle, and subsequently transferred to ICE custody. Dkt. No. 9-4 at 2; Dkt. No. 1 ¶ 27. Petitioner was served with a Notice to Appear placing him in removal proceedings around that same time, though neither party has indicated exactly when his removal proceedings commenced. Dkt. No. 9-4 at 3.

Both parties appear to agree that Petitioner's detention is covered by 8 U.S.C. § 1226(a), which provides the right to a custody redetermination hearing before an immigration judge ("IJ"). Accordingly, in late April 2026, Petitioner received a custody redetermination hearing at the Adelanto Immigration Court, at which he was represented by counsel. Dkt. No. 1 ¶ 28. The IJ denied release, finding that Petitioner was a flight risk. *Id*. The written order did not cite to any evidence or recite the applicable law, and instead consisted only a checked box stating "Denied, because Flight Risk." *Id*. Petitioner appealed this order to the Board of Immigration Appeals ("BIA"). *See* Dkt. No. 9-5 at 1.

Petitioner subsequently filed a habeas petition in this Court challenging the IJ's findings. *See Yu v. Wofford*, Case No. 1:26-cv-03669-VC, Dkt. No. 1 (E.D. Cal.). The Court granted the petition in part and ordered a renewed bond hearing, reasoning that the IJ abused its discretion because—based on the checked-box order provided to the Court—it did not engage in any meaningful review of the evidence presented to it. *See Yu v. Wofford*, No. 1:26-CV-03669, at *3 (VC), 2026 WL 2274707 (E.D. Cal. Aug. 6, 2026). Petitioner received a renewed hearing in August 2026. Dkt. No. 1 ¶ 36.

The IJ again denied release based on a finding of flight risk which no amount of bond or other supervisory conditions could mitigate. *Id*. At the outset of the hearing, the IJ explained that she had considered the evidence packets submitted to her by both Petitioner and the Government. Dkt. No. 12, 3:00-3:44. For Petitioner, that packet included photos of mail addressed to Petitioner, a sponsor packet, 2025 tax returns for Petitioner's trucking company, Petitioner's medical records, a declaration from Petitioner, a declaration from Petitioner's wife, and an asylum application. *Id*.

The IJ then questioned Petitioner's attorney about various topics including Petitioner's mental health condition and the location of his children. *Id*., 0:07:28–0:09:54. Petitioner's attorney was also given an opportunity to present argument in which he noted that Petitioner has had to move frequently for work, which was why Petitioner and his wife lived separately, and that Petitioner had started his own trucking company in the United States. *Id*., 0:09:55–0:10:46.

He further emphasized that Petitioner was a law-abiding individual, aside from the minor traffic infraction which led to Petitioner's detention by ICE, and that Petitioner's continued detention while his asylum application was adjudicated is unnecessary given his mental health condition. *Id.*, 0:10:46–0:12:24.

Following the conclusion of questions and argument, the IJ cited several of the *In Re Guerra*, 24 I. & N. Dec. 37 (B.I.A. 2006) factors and denied bond based on a finding of flight risk. *Id.*, 0:14:25–0:15:31. She based this ruling on several findings of fact, including that Petitioner appeared to lack a fixed address, that Petitioner was a relatively recent arrival to the United States, and that he had relatively weak family ties in the United States given that he did not appear to live with his wife. *Id.*, 0:15:42–0:17:30. She further stated that she considered his employment history, recent traffic-related arrest, the fact that he had remained in the United States past the expiration of his visa, that his children remain in China, his pending asylum application, his medical records, the submitted declarations, and the information from his sponsor. *Id.*, 0:17:31–0:21:00. Weighing this evidence, she determined that Petitioner had failed to meet his burden that he is not a flight risk. *Id.*, 0:21:01–0:21:33.

The IJ produced a written order reflecting these same findings following the conclusion of the hearing, explaining that "[b]ased on [Petitioner]'s recent entry, his lack of ownership of property in the United States, his limited ties, his various addresses, and his speculative [immigration] relief, the court has little confidence that [he] will appear for a future immigration proceeding or if called for removal." Dkt. No. 1-2 at 4. She further found that, "[w]eighing the totality of the evidence … [Petitioner] is a significant flight risk and no bond is the only way to secure his future appearance." *Id.*

Petitioner contends that his mental health has been seriously impacted by his continued detention. Dkt. No. 1 ¶ 40. Indeed, records indicate that he has experienced suicidal ideation and was recently diagnosed with an anxiety disorder and prescribed medication. *See* Dkt. No. 1-3 at 1–2.

## II. DISCUSSION

Petitioner brings ten claims for relief, most of which challenge the accuracy of the IJ's findings. Claim one contends that the IJ failed to consider reasonable alternatives to detention to mitigate flight risk, and claims two through eight challenge specific factual findings made by the IJ. Dkt. No. 1 ¶¶ 63–112. Claims nine and ten allege that Petitioner's detention has become unconstitutionally prolonged, requiring either release or a renewed bond hearing at which the Government bears the burden of proof. *Id.* ¶¶ 113–124. Respondents oppose relief, arguing that he must exhaust administrative remedies by appealing the August 2026 bond order to the BIA before seeking habeas relief, and that the IJ did not abuse its discretion in denying bond. Dkt. No. 9 at 3–4.

With respect to exhaustion, this Court previously found in granting Petitioner's first habeas petition that waiver was warranted in light of Petitioner's deteriorating mental health. *Yu*, 2026 WL 2274707, at *2. Immigration detainees are generally required to exhaust their administrative remedies prior to seeking habeas relief from a bond order. *See Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). However, a court may waive this requirement where (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). The Court sees no reason on the record here to depart from its prior waiver of the exhaustion requirement. Accordingly, the Court waives the exhaustion requirement for the same reasons articulated in its prior order.

However, the Court finds that the IJ did not abuse her discretion in finding that Petitioner was a flight risk and denying bond, thus disposing of claims one through eight of the petition. The habeas court's review of an IJ's bond decision is for abuse of discretion, and a court may only determine whether the IJ applied the correct legal standard, not reweigh evidence. *See Martinez v. Clark*, 124 F.4th 775, 779, 784–785 (9th Cir. 2024). IJ's may consider a number of factors when making bond determinations, including:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006).

Here, the IJ elicited testimony from Petitioner about a number of these factors, including questioning his attorney about his mental health condition and location of his children. Further, from both her oral order and written order, it is clear that she considered all the documentary evidence presented to her, which included tax records, declarations, medical records, and proof of address. From this, she concluded that release on bond was not proper. This is sufficient under the abuse of discretion standard. It is not this Court's role to question her factual findings where all evidence was considered, and the appropriate legal standard was employed.

The Court further finds that Petitioner, on this record, has not raised a claim for unconstitutionally prolonged detention (i.e., claims nine and ten of the petition). Based on the record before the Court, Petitioner received the process to which he is entitled under 8 U.S.C. § 1226(a), including now two bond hearings before an IJ. The fact that the IJ did not impose a clear and convincing standard on the Government during the hearing does not render Petitioner's detention unconstitutional. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022) (rejecting the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter); *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal. June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a third bond hearing based on his now six months of detention, he has not demonstrated that his case is distinguishable from *Rodriguez Diaz* where the Ninth Circuit held that due process did not require a *second* bond

hearing for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. *Rodriguez Diaz*, 53 F.4th at 1203–14. This is particularly true where Petitioner received his second bond hearing only two months ago and does not appear to have requested a further bond hearing based on changed circumstances. *See* 8 C.F.R. § 1003.19(e); *V.G.P. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-05559-MWJS, 2026 WL 2150782, at 1 (E.D. Cal. July 27, 2026) (finding continued detention under § 1226(a) constitutional where petitioner has received bond hearing and had not requested a further hearing). Accordingly, Petitioner's continued detention under § 1226(a) has not become unconstitutionally prolonged.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DENIED without prejudice. The Clerk of Court is directed to enter judgment for Respondents and close this case.

**IT IS SO ORDERED.**

Dated: November 2, 2026

VINCE CHHABRIA
United States District Judge